David M. Schlachter, Esq.
LAW OFFICES OF DAVID M. SCHLACHTER, LLC
8 Carefree Lane
Suffern, NY 10901
(973) 272-4768
Davids@lawdms.com – DS1694
Attorneys for Plaintiffs

**14 CV 6263**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE KARAS**

---------------------------------------------------------

WILLIAM DAVIS,
GENEVIEVE DAVIS,

                    Plaintiffs,

JP MORGAN CHASE BANK, NA,

                    Defendants.

Docket No.

**COMPLAINT**

**Jury Trial Requested**

---------------------------------------------------------

Plaintiffs, WILLIAM DAVIS and GENEVIEVE DAVIS, (hereinafter "Plaintiffs"), by their undersigned counsel, DAVID M. SCHLACHTER, ESQ. of LAW OFFICES OF DAVID M. SCHLACHTER, LLC. for their Complaint alleges, upon personal knowledge as to themselves and their own acts and upon information and belief as to all other matters, as follows:

### NATURE OF ACTION

1.    This matter is an Action for Quiet Title, fraud, wrongful indebtedness, wrongful collection on a mortgage, slander of title, slander of credit, unjust enrichment and other rights and remedies against Defendants, who have fraudulently asserted possessory interests in the debt obligations securing the Plaintiff's real property, induced the Plaintiff to rely on the fraudulent assertions, induced Plaintiff to pay their mortgage debt obligations to parties who have no cognizable claim to those debts, induced Plaintiff to sign a Loan terms against Plaintiff's best interests, have subjected Plaintiff to fraudulent debt obligations while remaining liable for

legitimate debt obligations securing their real property, and unjustly enriching the Defendants as a direct consequence of the Defendants' fraudulent assertions. Wrongful conversion is also alleged.

2. Plaintiffs are individuals who live at 35 Wax Myrtle Beach, Vero Beach, Florida 32963.

3. Upon information and belief, Defendant Chase Home Finance is a division of JP Morgan Chase Bank, NA and is a bank that is located at 270 Park Avenue, New York, State of New York 10017.

## JURISDICTION AND VENUE

4. Plaintiff brings this matter to the United States District Court based upon 28 U.S.C. Sec. 1332, based diversity jurisdiction is also appropriate as the Defendants live in different States and the amount in dispute exceeds $75,000. Issue of federal law that is dispute between the parties is also appropriate and State questions of law are invoked pursuant to the pendant jurisdiction of the Court.

## CLAIMS

5. On or about July 26, 2007 Plaintiffs took out a mortgage with Washington Mutual Bank.

6. The mortgage amount was for more than $2,000,000.

7. This was for a property that was sold for $2,500,000.

8. The loan costs Plaintiffs more than $100,000 in closing costs.

9. $75,475 was paid to the Lender or broker for the cost of the mortgage.

10. The income *disclosed* at the time to Lender Washington Mutual Bank was $55,000 for Plaintiff.

11. The loan had terms as follows:

   a. It started at 1.25% interest.

   b. It then exploded to 9.95% interest rate, per annum

   c. There is a prepayment penalty

   d. There was no amortization schedule attached

12. The loan then had repayment terms called "Pick-N-Pay." The mortgage statement gave the option of paying back a monthly payment that was less than the interest amount due.

13. Therefore, this loan was an undisclosed negative amortization loan.

14. Even though Plaintiffs paid timely the principal kept increasing.

15. At the closing Plaintiffs were promised a 1.25% interest only loan.

16. Instead it was an exploding rate loan that went to 9.95% negative amoritazation.

17. If Plaintiffs knew this they would never have undertaken the loan.

18. When Plaintiffs found out about this, post closing, they tried to refinance.

19. However, the Lender had artificially appraised the home at higher than actual value so the $2,000,000 loan was already more than 80% of loan to value ratio.

20. This prevented Plaintiffs from refinancing.

21. The property value is actually about $1,800,000.

22. Public records shows that Pennymac as the Note Holder.

23. There are three assignments of this mortgage.

24. The first assigns from Washington Mutual to J.P. Morgan Chase Bank.

25. The second assigns from the FDIC on behalf of J.P. Morgan Chase Bank to Pennymac.

26. The third assigns from the FDIC on behalf of J.P. Morgan Chase Bank to Washington Mutual.

27. Defendant Chase initiated a foreclosure action in Florida.

28. Defendant Chase is initiating action in order to take the subject property.

## COUNT ONE – Wrongful Collection Practice

29. Plaintiff re-alleges all allegations made thus far.

30. The Note in this matter is not with Defendant Chase.

31. It is either with Washington Mutual (which does not exist) or with Pennymac.

32. Yet, Defendant Chase is initiating collection and litigation.

33. Defendant Chase is trying to enforce its rights, which do not exist to collect on a mortgage.

34. Furthermore, the terms of the original mortgage are unconscionable and unenforceable.

35. Even if Defendant Chase does have the rights to the Note and Mortgage, it cannot collect on a mortgage that had all of the following:

   a. An unlawful teaser rate of 1.25% that exploded to 9.95% within six monts

   b. A payment that was a negative amortization payment

   c. An interest rate more than 5% of prime

   d. No income verification

   e. Inflated appraisal value on the property

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection and wrongful prosecution of a foreclosure action, and for other such relief as this Court seems proper.

## COUNT TWO – Quite Title

36. Plaintiff re-alleges all allegations made thus far.

37. It is not possible that the same Mortgage and Note were assigned from Defendant Chase to Pennymac and from Defendant Chase to Washington Mutual.

38. This Assignment could not have gone to Washington Mutual after 2008, when Washington Mutual sold off all of its assets and debts.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, and special damages against Defendant and an injunctive Order of Quiet Title of the Note and Mortgage, and other such relief as the Court deems proper.

## COUNT THREE – FRAUD

39. Plaintiff re-alleges all allegations made thus far.

40. Defendant knew or should have known it does not possess true, legal title to the collection on the subject mortgage.

41. Defendant continued to send notices to collect from Plaintiff anyway.

42. When Plaintiff stopped paying the mortgage Defendant called Plaintiff several times a day.

43. Defendant sent letters to Plaintiff to try to induce Plaintiff to pay money to Defendant.

44. Defendant violated the Fair Debt Collection Practice Act by these actions.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection practices, harassment, and fraudulent inducement, and other such relief as this Court deems proper.

## COUNT FOUR – WRONGFUL CONVERSION

45. Plaintiff re-alleges all allegations made thus far.

46. Defendant did use the Court system in Florida to foreclose and possess the subject property.

47. Defendant did so recklessly or knowingly that it did not possess the Note and Mortgage.

48. Defendant now has possession of the property.

Wherefore, Plaintiff seeks an Order of judgment for wrongful conversion, damages, punitive damages, against Defendant for the wrongful collection practices, harassment, and fraudulent inducement, and other such relief as this Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a) Quieting title against Defendants;

b) Returning possession of the property to Plaintiff;

c) Expunging the debt obligations and instruments asserted by Defendants against Plaintiff's subject property from the record;

d) Granting damages to Plaintiff for Defendants' fraud;

e) Granting damages to Plaintiffs for Defendants unjust enrichment;

f) Granting punitive damages for the conduct and fraud.

g) Granting attorney's fees to Plaintiff.

h) Other relief that this Court deems proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
June 15, 2014

By _____
David M. Schlachter, Esq.
LAW OFFICES OF
DAVID M. SCHLACHTER, LLC
579 Main Avenue
Passaic, New Jersey 07055
(973) 272-4768
DS1694
Davids@lawdms.com
Attorneys for Plaintiffs