David M. Schlachter, Esq.
LAW OFFICES OF DAVID M. SCHLACHTER, LLC
8 Carefree Lane
Suffern, NY 10901
(973) 272-4768
Davids@lawdms.com – DS1694
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
WILLIAM DAVIS,
GENEVIEVE DAVIS,

              **Docket No. 14-CV-6263**

      Plaintiffs,

              **AMENDED COMPLAINT**

JP MORGAN CHASE BANK, NA, and
PENNYMAC, CORP.

              **Jury Trial Requested**

      Defendants.
-----------------------------------------------------

Plaintiffs, WILLIAM DAVIS and GENEVIEVE DAVIS, (hereinafter "Plaintiffs"), by their undersigned counsel, DAVID M. SCHLACHTER, ESQ. of LAW OFFICES OF DAVID M. SCHLACHTER, LLC, for their Complaint alleges, upon personal knowledge as to themselves and their own acts and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1. This matter is an Action for Quiet Title, fraud, wrongful indebtedness, wrongful collection on a Note, slander of title, slander of credit, unjust enrichment and other rights and remedies against Defendants, who have fraudulently asserted possessory interests in the debt obligations securing the Plaintiff's real property, induced the Plaintiff to rely on the fraudulent assertions, induced Plaintiff to pay their Note debt obligations to parties who have no cognizable claim to those debts, induced Plaintiff to sign a Loan terms against Plaintiff's best interests, have

subjected Plaintiff to fraudulent debt obligations while remaining liable for legitimate debt obligations securing their real property, and unjustly enriching the Defendants as a direct consequence of the Defendants' fraudulent assertions. Wrongful conversion is also alleged.

2. Plaintiffs are individuals who live at 35 Wax Myrtle Beach, Vero Beach, Florida 32963.

3. Upon information and belief, Defendant Chase Home Finance is a division of JP Morgan Chase Bank, NA and is a bank that is located at 270 Park Avenue, New York, State of New York 10017.

4. Upon information and belief, PennyMac, Corp. is a corporation located at 6101 Condor Drive, Suite 200, Moorpark, State of California 93021.

## JURISDICTION AND VENUE

5. Plaintiff brings this matter to the United States District Court based upon 28 U.S.C. Sec. 1332, based diversity jurisdiction is also appropriate as the Defendants live in different States and the amount in dispute exceeds $75,000. Issue of federal law that is dispute between the parties is also appropriate and State questions of law are invoked pursuant to the pendant jurisdiction of the Court.

## CLAIMS

6. This action pertains to the collection a Note allegedly belonging to Defendants, herein.

7. Florida Law allows deficiency judgments and accordingly, Defendants are alleging their right to collect on that judgment.

8. Defendant Chase sued Plaintiffs for foreclosure in Florida State Court in 2012.

9. Defendant Chase received a judgment of Foreclosure from Florida State Court on or about April 7, 2014.

10. The total amount of the judgment is for $3,298,613.20.

11. The value of the property is not more than $1,400,000.

12. Therefore, an entity legitimately holding this debt is able to collect $1,900,000 from Plaintiffs.

13. A foreclosure action speaks only to the *lien* that the mortgage creates on the property; it does not seek monetary damages.

14. Defendants have combined to try to collect this debt against Plaintiffs but this debt is not legitimate.

15. On or about July 26, 2007, Plaintiffs took out a Note with Washington Mutual Bank.

16. The Note amount was for more than $2,000,000.

17. This was for a property that was sold for $2,500,000.

18. The loan costs Plaintiffs more than $100,000 in closing costs; 5% of the total loan.

19. $75,475 was paid to the Lender or broker for the cost of the Note.

20. The income *disclosed* at the time to Lender Washington Mutual Bank was $55,000 for Plaintiff.

21. The loan had terms as follows:

    a. It started at 1.25% interest.

    b. It then exploded to 9.95% interest rate, per annum

    c. There is a prepayment penalty

        d. There was no amortization schedule attached

22. The loan then had repayment terms called "Pick-N-Pay." The Note statement gave the option of paying back a monthly payment that was less than the interest amount due.

23. Therefore, this loan was an undisclosed negative amortization loan.

24. Even though Plaintiffs paid timely the principal kept increasing.

25. At the closing Plaintiffs were promised a 1.25% interest only loan.

26. Instead it was an exploding rate loan that went to 9.95% negative amortization.

27. If Plaintiffs knew this they would never have undertaken the loan.

28. When Plaintiffs found out about this, post-closing, they tried to refinance.

29. However, the Lender had artificially appraised the home at higher than actual value so the $2,000,000 loan was already more than 80% of loan to value ratio.

30. This prevented Plaintiffs from refinancing.

31. The property value is actually about $1,400,000.

32. Public records shows that Pennymac as the current title Holder.

33. Defendant PennyMac claims to also be the Note holder.

34. On or about April 18, 2014 page 268 of the recorder's book, an assignment assigns from the FDIC on behalf of J.P. Morgan Chase Bank to Washington Mutual Bank, FA.

35. This assignment was prepared by Defendant Chase and by Defendant Chase as alleged attorney in fact for the FDIC. Therefore, it is a self-serving assignment.

36. On or about April 18, 2014 page 272 of the recorder's book, in chronological order, from Defendant Chase to Washington Mutual.

37. There is no recorded assignment that exists giving rights from Washington Mutual to Defendant Chase.

38. There is no recorded assignment that assigns from Defendant Chase or from Washington Mutual to Defendant PennyMac.

39. By letter dated March 18, 2014, Defendant PennyMac claims to have the right to the Note as of February 21, 2014.

40. However, that would be *prior* to the recorded Assignments.

41. Furthermore, in Court documents, Defendant Chase claimed to have traced the ownership of the Note and Mortgage from "FDIC to EMC to Chase" prior to the foreclosure.

42. The assignment to this "EMC" does not exist.

43. Further, the Note is not indorsed at all.

44. The Adjustable Rate Note is a promissory note and negotiable instrument and must be indorsed in order to transfer ownership.

45. Thus, the recorded trace of ownership leaves the record clear that it is only Washington Mutual that has the rights to the Note.

46. However, despite assignments and claims from PennyMac, it was Defendant Chase that prosecuted the foreclosure action through May 2014 and also sold the property at Sale.

47. Defendant Chase had no rights to do so.

48. Defendant PennyMac allegedly purchased the rights to the title, but it knowingly, had no rights to do so.

49. Defendants have evicted Plaintiffs from their home.

## COUNT ONE – Wrongful Collection Practice

50. Plaintiff re-alleges all allegations made thus far.

51. The Note in this matter is not with Defendant Chase.

52. It is only with Washington Mutual (which does not exist) or the FDIC; the record is unclear.

53. Yet, Defendant Chase and Defendant PennyMac is initiating collection and litigation.

54. Defendants are trying to enforce its rights, which do not exist to collect on a Note.

55. Furthermore, the terms of the original Note are unconscionable and unenforceable.

56. The Court in Florida did not litigate any claims on the origination of the Note as the foreclosure action only sought to adjudicate rights on the Mortgage.

57. Default was found regardless of terms of the Note.

58. Even if Defendants do have the rights to the Note and Note, it cannot collect on a Note that had all of the following:

   a. An unlawful teaser rate of 1.25% that exploded to 9.95% within six monts

   b. A payment that was a negative amortization payment

   c. An interest rate more than 5% of prime

   d. No income verification

   e. Inflated appraisal value on the property

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection and wrongful prosecution of a foreclosure action, and for other such relief as this Court seems proper.

## COUNT TWO – Quite Title

59. Plaintiff re-alleges all allegations made thus far.

60. It is not possible that the same Note and Note were assigned from Defendant Chase to Pennymac and from Defendant Chase to Washington Mutual.

61. It is not possible that it was assigned by the FDIC and by Defendant Chase to Washington Mutual.

62. It could not have been assigned to Washington Mutual at all in 2014, four years after it ceased to exist.

63. This Assignment could not have gone to Washington Mutual after 2008, when Washington Mutual sold off all of its assets and debts and the FDIC took over.

64. Defendant Chase could not have sold it to Defendant PennyMac, Corp.

65. Defendant PennyMac, Corp. claims ownership.

66. The Court papers refer to an "EMC" entity that is unexplained and otherwise undocumented.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, and special damages against Defendant and an injunctive Order of Quiet Title of the Note and Note, and other such relief as the Court deems proper.

## COUNT THREE – FRAUD

67. Plaintiff re-alleges all allegations made thus far.

68. Defendants knew or should have known it does not possess true, legal title to the collection on the subject Note.

69. Defendants continued to send notices to collect from Plaintiff anyway.

70. When Plaintiff stopped paying the Note Defendants called Plaintiff several times a day.

71. Defendants sent letters to Plaintiff to try to induce Plaintiff to pay money to Defendant.

72. Defendants violated the Fair Debt Collection Practice Act by these actions.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection practices, harassment, and fraudulent inducement, and other such relief as this Court deems proper.

## COUNT FOUR – WRONGFUL CONVERSION

73. Plaintiff re-alleges all allegations made thus far.

74. Defendant Chase did use the Court system in Florida to foreclose and possess the subject property.

75. Despite acknowledged transfer of ownership from February 22, 2014 or April 18, 2014, Defendant Chase prosecuted the foreclosure and sale without name change through May 2014.

76. Defendant Chase did so recklessly or knowingly that it did not possess the Note and that it had to amend the caption of the Court case.

77. Defendant PennyMac now claims it has possession of the property by buying it at sale and/or transfer in 2014.

Wherefore, Plaintiff seeks an Order of judgment for wrongful conversion, damages, punitive damages, against Defendant for the wrongful collection practices, harassment, and fraudulent inducement, and other such relief as this Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a) Quieting title against Defendants;

b) Returning possession of the property to Plaintiff;

c) Expunging the debt obligations and instruments asserted by Defendants against Plaintiff's subject property from the record;

d) Granting damages to Plaintiff for Defendants' fraud;

e) Granting damages to Plaintiffs for Defendants unjust enrichment;

f) Granting punitive damages for the conduct and fraud.

g) Granting attorney's fees to Plaintiff.

h) Other relief that this Court deems proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
February 10, 2015

By_____
David M. Schlachter, Esq.
LAW OFFICES OF
DAVID M. SCHLACHTER, LLC
579 Main Avenue
Passaic, New Jersey 07055
(973) 272-4768
DS1694
Davids@lawdms.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
WILLIAM DAVIS,
GENEVIEVE DAVIS,

                                      **Docket No. 14-CV-6263**

                Plaintiffs,

JP MORGAN CHASE BANK, NA,
And PENNYMAC, CORP.

                Defendant.
-------------------------------------------------------

## AMENDED COMPLAINT

This certifies under the Fed. R. Civ. P. that this pleading is not made frivolously under law and it is only made in good faith.

                                            David M. Schlachter, Esq.
                                            LAW OFFICES OF DAVID M.
                                            SCHLACHTER, LLC
                                            DS - 1694
                                            8 Carefree Lane
                                            Suffern, NY 10901
                                            (212) 257-2190 phone
                                            (973) 272-4167 fax
                                            davids@lawdms.com
                                            Attorneys for Plaintiffs