UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM DAVIS, GENEVIEVE DAVIS,<br><br>                Plaintiff,<br><br>      -against-<br><br>JP MORGAN CHASE BANK, NA, and PENNYMAC, CORP,<br><br>                Defendants. | Case No. 14 CV 6263 (KMK) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PENNYMAC CORP.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

                                              AKERMAN LLP
                                              666 Fifth Avenue, 20th Floor
                                              New York, New York 10103
                                              Telephone:   212-880-3800

                                              *Attorneys for Defendant PennyMac Corp*

Dated:  June 19, 2015

Defendant PennyMac submits the following memorandum of law in further support of its motion to dismiss the second amended complaint pursuant to Fed R. Civ. P. 12(b)(1) and (6), and is accompanied by the reply declaration of Ashley S. Miller, dated June 19, 2015 (**Reply Decl.**).[1]

## I.   INTRODUCTION

Plaintiffs William Davis and Genevieve Davis' Brief in Response to Defendant's Motion to Dismiss (Dkt. no. 31 (**Opposition**)) fails to make a single argument that should prevent this Court from granting PennyMac's motion. The Davises have not presented any grounds for why their claims are not barred by both the doctrine of *res judicata* and the *Rooker-Feldman* doctrine, nor have they explained how the causes of action in the complaint are not now moot. Even if they could, they have failed to plead any facts that could entitle them to any form of relief. PennyMac's motion to dismiss the complaint with prejudice should be granted.

## II.   ARGUMENT

**A.   The Davises Have Failed To Establish Their Claims Are Not Barred by the *Rooker-Feldman* and *Res Judicata* Doctrines**

This action is nothing more than an attempt by the Davises to attack the state court foreclosure action, and so is barred by the *Rooker–Feldman* and *res judicata* doctrines. In opposition to PennyMac and Chase's motions to dismiss, they allege for the first time the foreclosure action and subsequent eviction were procured by fraud, and therefore their claims are not barred and may be reviewed by this Court. (Opp. at 10-11.) This new argument is meritless.

First, even if there were some plausible basis for the new allegation of fraud, that would not affect the applicability of the *Rooker-Feldman* doctrine. "[T]he *Rooker–Feldman* doctrine was held to apply when a party sought to set aside a transfer of a house pursuant to a judgment of foreclosure, even though the party argued that the judgment was procured by fraud." *In re Ward*,

---

[1] Defined terms used herein have the same meaning as referenced in the Memorandum of Law in Support of Defendant PennyMac Corp.'s Motion to Dismiss the Complaint (Dkt. No. 25) unless otherwise noted.

{32837921;1}                                                                 1

423 B.R. 22, 28 (Bankr. E.D.N.Y. 2010) (citing *Estate of Keys v. Union Planters Bank, N.A.*, 578 F. Supp. 2d 629, 637 (S.D.N.Y. 2008)); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002); *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 186 (2d Cir. 1999) (finding *Rooker-Feldman* doctrine applied even where plaintiffs claimed state court order was fraudulently obtained); *Azumendi v. Roth*, No. 99 CIV. 3663(WK)(DF), 2002 WL 441283, at *10 (S.D.N.Y. Mar. 20, 2002) ("Here, Azumendi alleges that defendants' frauds resulted in Surrogate Roth's determination that decedent was domiciled in New York at the time of her death.  These allegations are insufficient to preclude dismissal under *Rooker-Feldman*." (citation omitted)); *Simpson v. Putnam Cnty. Nat. Bank of Carmel*, 20 F. Supp. 2d 630, 633 (S.D.N.Y. 1998) ("Under *Rooker–Feldman*, however, this Court has no authority to review the State Court's judgment. Nor does the fact that plaintiff alleges that the State Court foreclosure judgment was procured by fraud and conspiracy change that result.").

<u>Second</u>, the proper remedy for a judgment procured by fraud in Florida is not through a collateral federal court attack on the state court action, but rather through the state court itself. *See Swindell v. Accredited Home Lenders, Inc.*, No. 8:10-CV-995-T-30TGW, 2010 WL 5174528, at *3 (M.D. Fla. Dec. 15, 2010) ("Fraud inherent in the litigation process is considered fraud on the court. If Plaintiff can prove fraud on the court, her remedy lies in the state court, either in the form of a direct appeal of the proceedings or a timely action to set aside the final judgment. Relief does not lie in this Court."), *aff'd*, 442 F. App'x 444 (11th Cir. 2011); *Florida Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 336 F. Supp. 2d 1239, 1272 (S.D. Fla. 2004) ("Likewise, in this case, Plaintiff–Growers' proposed Count VI seeks to maintain an independent action for damages in a court that is not the one in which the alleged fraud was committed. Although it also seeks to allege this Count under Florida Rule of Civil Procedure

1.540, the same reasoning applies: in no case has a Florida court allowed a cause of action for fraud on the court under Rule 1.540 in a court that is different from the one in which the fraud was committed."), *aff'd*, 470 F.3d 1036 (11th Cir. 2006).

Third, the Davises *did* assert in the foreclosure action Chase had misrepresented to the court who owned the note and mortgage, a claim the court rejected. (Miller Decl., Exh. I, M.); *see Schreiber v. Ocwen Loan Servicing, LLC*, No. 5:11-CV-211-OC-32TBS, 2012 WL 2793200, at *2 (M.D. Fla. July 9, 2012) ("[T]he Schreibers had ample opportunity to assert their claims of fraud during the state court proceedings. Indeed, the supplemental filings attached to Ocwen's motion tend to show that the Schreibers took advantage of that opportunity, specifically arguing to the state court that Ocwen had no standing to sue and that Ocwen perpetrated fraud upon the court. The state court rejected these arguments, finding in favor of Ocwen, thus satisfying the fourth prong of the *Rooker–Feldman* doctrine." (citations omitted)).

The crux of the Davises' other claims—for wrongful collection practice, quiet title, fraud, violation of the Fair Debt Collection Practices Act, and wrongful conversion—continues to be that PennyMac and/or Chase lacks standing, allegations the Florida court repeatedly addressed and rejected. (Miller Decl., Exhs. G, H, M.)  All of the Davises' causes of action in this matter were or should have been raised in the foreclosure action and subsequent eviction proceeding, and so are barred by the doctrine of *res judicata*.  In violation of the *Rooker-Feldman* doctrine, the Davises impermissibly ask this Court to review the Florida court's judgment to the extent they seek **(1)** to quiet title and have the subject property returned to them; **(2)** to invalidate the note and mortgage; and **(3)** an order determining the defendants engaged in wrongful collection practices, fraud and wrongful conversion by foreclosing the subject property.  The second amended complaint should be dismissed with prejudice.

**B.     The Davises' Claims Are Moot**

The Davises continue to claim PennyMac and/or Chase is improperly seeking a deficiency judgment against them, but this claim is now moot. (Opp. at 4, 12.) The Davises have failed to identify any actions by PennyMac or Chase aimed at obtaining a deficiency judgment, and there is no evidence either defendant has instituted deficiency proceedings. (Miller Decl., Exhs. T, U; Reply Decl., Exhs. A, B.) The Davises even admit no action has yet been taken. (Opp. at 12 ("The sale and marketing of the house will determine if there is a deficiency that one or both of the Defendants will then collect on.").) Under Florida law, an action to enforce a claim for deficiency related to a note secured by a mortgage against residential property must be brought within one year of the day after the certificate of title is issued by the clerk of the court. Fla. Stat. § 95.11(5)(h). The certificate of title was issued by the clerk of the court in the foreclosure action on June 11, 2014. (Miller Decl., Exh. O.) Any action for deficiency must have been brought by June 12, 2015. Since none was brought, and the time to do so has expired, the Davises' claims are moot and should be dismissed.

**C.     The Davises Still Fail to State a Cause of Action Against PennyMac**

Even if the Davises' claims were not moot, and were not barred by the doctrines of *res judicata* and *Rooker-Feldman*, the Davises' claims against PennyMac should be dismissed.

The Davises' wrongful collection practices claim must be dismissed because there is no cause of action for "wrongful collection practices" under Florida law. The Davises cite no evidence or law to the contrary. The Davises may be attempting to state a claim under the FCCPA but have not cited that law in either their second amended complaint or their opposition.

While their opposition asserts the second amended complaint "goes through the fraud and the wrongdoing step by step. The Amended Complaint Answers the 'who' 'what' 'when' and 'where' for all the wrongdoing and fraud" (Opp. at 8), the Davises fail to specify any factual

allegation in the second amended complaint in support of a viable fraud cause of action. In the second amended complaint, the Davises' fraud and FDCPA cause of action merely alleges the defendants called them and sent letters to them to induce them to pay money, without the right to collect. (Compl., ¶¶ 68-72.) These allegations do not specify when those communications took place, the contents of those communications, and what PennyMac obtained as a consequence, and so fail to adequately plead a claim for fraud or violation of the FDCPA. *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004); *Martinez v. Bank of Am. Corp.*, No. 14-21467-CIV-MORENO, 2014 WL 2735668, at *3 (S.D. Fla. June 16, 2014); *Sembler v. Attention Funding Trust*, No. 07-dv-2493, 2009 WL 2883049, at *2 (E.D.N.Y. Sept. 3, 2009). It appears the Davises allege PennyMac committed fraud and violated the FDCPA with respect to the origination of the loan and the foreclosure of the property. (Opp. at 6, 7, 8.) To the extent the Davises base their fraud claim and FDCPA claim on the origination of the loan, or any other events that occurred more than four years ago or one year ago, respectively, their claims are time-barred. *See* Fla. Stat. § 95.11(3); 15 U.S.C. § 1692k(d). To the extent they are now, for the first time, asserting what amounts to a claim for fraud on the court, they have failed to sufficiently plead facts to support this claim. "The requisite fraud on the court occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." *Wells Fargo Bank, N.A. v. Reeves*, 92 So. 3d 249, 252 (Fla. Dist. Ct. App. 2012) (*citing Cox v. Burke*, 706 So. 2d 43, 46 (Fla. Dist. Ct. App. 1998)). It "is more than a simple assertion of facts in a pleading which might later fail for lack of proof," "[i]nartful pleadings, inconsistent testimony, and even lying to the court by a

witness." *Id.* The Davises have merely asserted there are discrepancies in the identity of the holder of the note and of the mortgage, and the owner of the loan. These allegations are neither clearly and convincingly pled, nor amount to the requisite "unconscionable scheme" necessary to state a claim for fraud on the court.

The opposition does not even attempt to redress the Davises' failure to plead claims for quiet title or conversion, and this Court should deem them abandoned. *Lipton v. Cnty. of Orange, NY*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); *see also Yencho v. Chase Home Fin. LLC*, No. 14-CV-230 NSR, 2015 WL 127721, at *2 (S.D.N.Y. Jan. 8, 2015). Even if not abandoned, neither claim is viable. The Davises no longer have title to the property, and they cannot show the chain of assignments of mortgage is invalid or is a cloud on title, as necessary to assert a quiet title cause of action. *Torres v. Countrywide Home Loans, Inc.*, No. 14-20759-CIV, 2014 WL 3742141, at *4 (S.D. Fla. July 29, 2014); *Sliptchuik v. ING Bank, FSB*, No. 6:13-CV-460-ORL-28, 2013 WL 4596951, at *3 (M.D. Fla. Aug. 28, 2013) ("Plaintiff fails to allege facts that plausibly demonstrate that Defendant's mortgage on the Property creates a cloud on the title."). Real property also cannot be the subject of a conversion claim. *See Moran v. Crystal Beach Capital, LLC*, No. 8:10-CV-1037-T-30AEP, 2011 WL 17637, at *5 (M.D. Fla. Jan. 4, 2011).

For the first time in opposition to Chase and PennyMac's motions to dismiss, the Davises argue they have a claim for unjust enrichment. (Opp. at 9.) To the extent this cause of action or any other cause of action was not asserted in the second amended complaint, those claims cannot now be considered. *See, e.g.*, *Yarborough v. Queens Auto Mall, Inc.*, No. 08-CV-3179, 2010 WL 1223584 (E.D.N.Y. Mar. 23, 2010) (declining to consider plaintiff's claim raised for the first

time in opposition to motion to dismiss). Even if the Davises had asserted an unjust enrichment claim against PennyMac in their pleading, it would still fail. Under Florida law,[2] "[t]he elements of an unjust enrichment claim are 'a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.'" *Florida Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1242 (Fla. 2004). The Davises have not alleged they directly conferred any benefit on PennyMac. Rather, it was they who benefited. They admit to receiving a loan for $2,660,000.00, and executing a note and mortgage as security for repayment. (Compl., ¶¶ 15, 16; Opp. at 5.) They do not allege these documents are invalid or that they paid back the full amount of the loan. It is impossible for the Davises to contend they conferred any benefit on PennyMac.

The Davises' unjust enrichment claim is also barred because they cannot pursue such a theory of recovery where there is a contract, like a note or mortgage, governing the subject matter. *Wilson v. EverBank, N.A.*, No. 14-CIV-22264, 2015 WL 265648, at *8 (S.D. Fla. Jan. 6, 2015).

### III.   CONCLUSION

For the foregoing reasons, PennyMac respectfully requests this Court grant its motion to dismiss the Davises' second amended complaint with prejudice. All of their claims are barred by the doctrines of *res judicata* and *Rooker-Feldman* or are moot. Even if the Davises were able to

---

[2] The Davises provide no support for their application of New York law to their unjust enrichment claim. (Opp. at. 9.) Analysis of the Davises' tort and contract claims must be governed by Florida law. "In diversity cases, a federal court applies the conflict of law rules of the state in which it sits." *Kislin v. Dikker*, No. 14 CIV. 237 (PGG)(JCF), 2015 WL 410246, at *11 (S.D.N.Y. Jan. 16, 2015). In cases sounding in contract, New York applies the "law of the jurisdiction with ' 'the most significant relationship to the transaction and the parties,'" while in tort cases New York applies "the law of the jurisdiction with the greatest interest in the litigation." *Id.* In both instances, Florida law should be applied, as it is the state in which the mortgage and loan originated, the subject property is located, and the plaintiffs are domiciled. Also, the mortgage specifies it is governed by Florida law. (Miller Decl., Exh. B.)

overcome those jurisdictional hurdles, they have failed to plead a claim upon which relief can be granted.

Dated:  June 19, 2015
New York, New York

                Respectfully submitted,

                **AKERMAN LLP**

By:     /s/ Ashley S. Miller
       Ashley S. Miller
       666 Fifth Avenue, 20th Floor
       New York, NY 10103
       (212) 880-3800

*Attorneys for Defendant PennyMac Corp.*