UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                    :

WILLIAM DAVIS, GENEVIEVE DAVIS,      :

                 Plaintiffs,      :

                                          :     7:14-cv-06263-KMK

     v.                                 :

JPMORGAN CHASE BANK, N.A.,      :
PENNYMAC, CORP.

               Defendants.    :
------------------------------------------------------------------X

**JPMORGAN CHASE BANK N.A.'S
REPLY IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS THE COMPLAINT**

MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York
212-309-6000

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

Defendant JPMC[1] submits this memorandum of law in further support of its motion to dismiss the amended complaint of Plaintiffs, dated February 10, 2015 and filed at Dkt. 21, (the "Complaint") with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. DEFENDANTS HAD THE RIGHT TO ENFORCE THE NOTE

In its Opening Brief, JPMC established that the Standing Claims were barred by collateral estoppel, res judicata, and *Rooker-Feldman* because a Florida court had already determined the issues at trial, and then again on a motion for rehearing in the Florida Action. Opening Brief, at 1-3, 4-6. The Florida court explicitly determined that JPMC, as the holder of the Note, was entitled to enforce its terms through foreclosure and that transferring the note to PennyMac during the pendency of the action did not affect that result. *Id.*, at 2. The Florida court explicitly found:

> [T]hat Defendant [here Plaintiffs] claims his loan was sold prior to trial and that Chase had no authority to testify at trial [as to Chase's standing]; that there was no evidence testimony or other caselaw to support the position; that Chase had standing at the time the action was filed and had possession of the original note at trial and being otherwise fully advised in the premises, further [found] that . . . there were 3 prior continuances of the trial and said attempt appears to be another delay tactic; that Defendant has resided in a home worth millions but has failed to make any payments as required since at least June 2011 . . . and thus it is ORDERED and ADJUDGED that Defendant's motion to cancel foreclosure sale [sic] is hereby DENIED. The motion for rehearing and motion to vacate final judgment is DENIED.

Dekar Decl., Ex. J.[2]

In opposition, Plaintiffs attempt to escape the results of the Florida Action by arguing that they are not challenging the foreclosure *per se*, but rather are complaining that the

---

[1] Defined terms herein shall have the same meaning as set-forth in the Memorandum of Law in Support of Its Motion to Dismiss the Complaint ("Opening Brief"), Dkt. 29.
[2] The Florida court used the singular "Defendant" and "he," but the motion for re-hearing was made on behalf of both Plaintiffs here. *See* Dekar Decl., Ex. G.

1

Defendants are not entitled to collect the deficiency because "they do not own or have rights to" the Note. *E.g.*, Plaintiff's Brief in Response to Defendant's Motion to Dismiss ("Opposition Brief"), Dkt. 31, at pages 4-5.[3] Though Plaintiffs fail to articulate an identifiable theory of their case, their argument appears to be that because the "timeline of transfer" of the Note is "in contest," Defendants "have been trying to collect and enforce a Note that they do not own or have rights to," which gives rise to Plaintiffs' claims for "wrongful indebtedness, wrongful collection on a note and mortgage, slander of title, slander of credit, unjust enrichment." *See* Opposition Brief, 4-10. Plaintiffs provide no support for their assertion that Defendants are trying to collect a deficiency and instead support these assertions with irrelevant allegations concerning, inter alia, the terms of the Note and Mortgage and assignments of the Mortgage. *See id.*

None of these ramblings rebut the arguments put forth by JPMC in favor of dismissal.

## II. ALLEGATIONS OF FRAUD LACK MERIT

Plaintiffs assert that their fraud claim, Count Three, is not barred by collateral estoppel, res judicata, and *Rooker-Feldman* because Defendants obtained the foreclosure judgment through fraud. Opposition Brief, at 6-9. Baseless assertions of fraud, however, cannot be used to circumvent an unfavorable judgment.

Here, Plaintiffs contend that the chain of title to their Mortgage their Note is unclear and that, therefore, the Florida court's foreclosure judgment must have been procured by fraud. Opposition Brief, at 10-12 ("The contradiction in the documents proves the fraud."). In asserting this, Plaintiffs urge the Court to adopt both a legal and a factual inaccuracy. First they ask the court to accept that the foreclosing party must be the mortgagee of record in order to have

---

[3] Plaintiffs have neglected to paginate the Opposition Brief. For ease of reference, the page references herein are taken from the header automatically generated through filing on CM/ECF.

2

standing to foreclose. Second, they ask the Court to accept that the Florida court was unaware that the Note was transferred to PennyMac. Neither premise is correct and the Court should reject their argument.

Under Florida law standing to enforce the Note is determined by possession of the note; whether the note-holder is also the mortgagee of record is irrelevant. *E.g.*, *Beltway Capital, LLC v. Greens COA, Inc.*, 153 So. 3d 330, 334 (Fla. Dist. Ct. App. 2014) (citations omitted) ("Florida law has long held that a mortgage is just an incident to the debt, and the assignee of the debt owns the mortgage-regardless of whether there was a formal assignment."); *McLean v. JP Morgan Chase Bank Nat. Ass'n*, 79 So. 3d 170, 173 (Fla. Dist. Ct. App. 2012); ("[S]tanding may be established from a plaintiff's status as the note holder, regardless of any recorded assignments."). Here, the Florida court held that JPMC established standing at trial, and reiterated that holding in response to a post-trial motion. Plaintiffs' assertions concerning the assignments of the mortgage have no relevance to whether there was standing to foreclose. And because the Florida court granted judgment, Plaintiffs' Standing Claims, including Count Three—whether cast as challenges to the foreclosure or dressed-up with the word "fraud"—are barred by collateral estoppel, res judicata, and *Rooker-Feldman.*

Critically, the Florida court explicitly considered the exact same argument that Plaintiffs make here in addressing Plaintiffs' motion for a rehearing and to vacate the judgment of foreclosure. Dekar Decl., Ex. G. Both in Florida and before this Court, Plaintiffs argue that the Defendants were not entitled to enforce the Note because it had been transferred from JPMC to PennyMac before the trial. In full knowledge of the facts alleged again by Plaintiffs here, the Florida court rejected this argument and denied the post-trial motion. Dekar Decl., Exs. G-J. If Plaintiffs disagreed with that decision, their remedy was to appeal. Either way, the fact that

Plaintiff made and lost an argument before the Florida court is not sufficient to plead fraud.

### III.  THE UNJUST ENRICHMENT THEORY WAS NOT PLED

In a further attempt to save their case, Plaintiffs try to gin up an unjust enrichment claim. Opposition Brief, at 9-10.   This should be rejected for multiple reasons.

First, Plaintiffs did not plead a claim for unjust enrichment in their New York complaint. Plaintiffs cannot amend their inadequate pleading by virtue of arguments asserted in response to a motion to dismiss.  *See, e.g.*, *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (refusing to consider claim raised for the first time in plaintiff's opposition to a motion to dismiss).

Second, the case law quoted by Plaintiff makes clear why an unjust enrichment claim must fail: "The theory of unjust enrichment lies as a quasi-contract claim.  It is an obligation the law creates *in the absence of any agreement*."  Opposition Brief, at 9 (emphasis added, quotations and citations omitted).  As explained in the Opening Brief, the Florida court specifically held that there was an enforceable agreement—the Note—and that the contract allowed the foreclosure.  *See* Dekar Decl., Ex. F ¶ D.  Indeed, the Florida court has the original Note, which was "surrendered to the Court at trial . . . and merge[d] into th[e] Final Judgment of Foreclosure." *Id.*  As there is a valid agreement—that was previously determined to be enforceable—no claim for unjust enrichment can stand here.

### IV.   CLAIMS RELATED TO COLLECTING A DEFICIENCY ARE NOW MOOT

To the extent any of Plaintiffs claims relate to a potential deficiency judgment, those claims are moot under the statute of limitations.  Under Florida law, a one-year statute of limitations on "[a]n action to enforce a claim of a deficiency related to a note secured by a mortgage . . . commence[s] on the day after the certificate is issued by the clerk of court."  Fla. Stat. § 95.11(5)(h).  Here, the certificate was issued on June 10, 2014 and entered on the docket

4

of the Florida Action on June 11, 2014. It has been more than a year and neither Defendant has filed a deficiency action. *See* Declaration of Ashley S. Miller in Further Support of PennyMac Corp.'s Motion to Dismiss the Complaint, Dkt. 35, Exs. A, B.

### V. PLAINTIFFS HAVE ABANDONED COUNT TWO AND FOUR, QUIET TITLE AND CONVERSION, BY FAILING TO RESPOND TO JPMC'S ARGUMENTS

In the Opening Brief, JPMC established that the Standing Claims, i.e. Counts One, Two, and Four, were barred by collateral estoppel and res judicata. Opening Brief, at 3-7. Plaintiff responded to arguments concerning Counts One and Three, but failed to respond at all to the arguments concerning Counts Two and Four. Thus, the Court should consider the claims abandoned dismiss them on that additional ground.[4] *E.g.*, *In re MF Global Holdings Ltd. Inv. Litig.*, 11 CIV. 7866 VM, 2014 WL 667481 (S.D.N.Y. Feb. 11, 2014) (holding that claim was waived because "opposition papers did not refute any arguments made in favor of dismissing [it]"); *Robinson v. Fischer*, 09 CIV. 8882 LAKAJP, 2010 WL 5376204 (S.D.N.Y. Dec. 29, 2010) (citing *Lipton v. Cnty. of Orange,* 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004)) ("Federal courts have the discretion to deem a claim abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in their opposition papers defendants' arguments for dismissing such a claim."); *see, e.g.*, *Yencho v. Chase Home Fin. LLC,* No. 14-CV-230 NSR, 2015 WL 127721, at *2 (S.D.N.Y. Jan. 8, 2015).

### CONCLUSION

For all of the reasons stated here and in the Opening Brief, the Complaint fails to state a cause of action against JPMC and should be dismissed with prejudice.

---

[4] To the extent Count Three is based on the FDPCA, Plaintiffs have failed to rebut JPMC's assertion that any FDCPA claim is barred by the statue of limitations and the Court should likewise consider it abandoned.

Dated: New York, New York
June 26, 2015

                          Respectfully submitted,

                          MORGAN, LEWIS & BOCKIUS LLP

                          _____/s/ Mary Claire Dekar_____
                          Mary Claire Dekar
                          *Counsel for JPMorgan Chase Bank, N.A.*
                          101 Park Avenue
                          New York, New York 10178-0600
                          (212) 309-6000
                          cdekar@morganlewis.com